UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DONALD RAY LEMONS** | **CIVIL ACTION NO. 07-1451** |
| VS. | SECTION P |
| **BURL CAIN, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on August 31, 2007, by *pro se* petitioner Donald Ray Lemons. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving the life sentence imposed following his 2002 conviction for second degree murder in the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On January 17, 2001, petitioner was indicted in Ouachita Parish on a charge of second degree murder. On August 15, 2001, he was found guilty as charged following trial by jury. On October 10, 2002, the mandatory life sentence was imposed. Petitioner did not appeal within the limitations period mandated by La. C.Cr.P. art. 914(B)(1). Instead, on some unspecified date prior to May 28, 2003, petitioner filed a *pro se* pleading seeking an out-of-time appeal. On May 28,

1

2003, petitioner was granted an out-of-time appeal and counsel was appointed to represent him on this appeal. [doc. 1-4, p. 3]

On appeal petitioner argued two assignments of error: (1) insufficiency of the evidence and (2) excessiveness of sentence. On April 7, 2004, the Second Circuit Court of Appeals affirmed petitioner's conviction and sentence. *State of Louisiana v. Donald Ray Lemons*, 38,269 (La. App. 2 Cir. 4/7/2004), 870 So.2d 503.

On some unspecified date petitioner applied for writs of *certiorari* and review in the Louisiana Supreme Court. On October 29, 2004, the Supreme Court denied writs. *State of Louisiana v. Donald Ray Lemons*, 2004-1288 (La. 10/29/2004), 885 So.2d 584. According to a review of the presumptively reliable published jurisprudence and the United States Supreme Court's website, petitioner did not seek further review in the United States Supreme Court.

On October 28, 2005, petitioner filed a *pro se* application for post-conviction relief in the Fourth Judicial District Court raising a single claim for relief: ineffective assistance of counsel. [doc. 1-4, p. 4] On February 28, 2006, the trial court denied relief. [doc. 4, pp. 5-6]

Petitioner filed an application for writs in the Second Circuit Court of Appeals on April 19, 2006. On May 18, 2006, the Second Circuit granted writs and remanded the matter to the Fourth Judicial District Court with instructions to conduct an evidentiary hearing. *State of Louisiana v. Donald Ray Lemons*, 41410-KH (La. App. 2 Cir. 5/18/2006). [doc. 4, p. 18]

On June 29, 2006, the evidentiary hearing was convened. At the conclusion of the hearing, the trial court denied relief and provided oral reasons for judgment. On July 18, 2006, the court rendered a formal written judgment denying relief. [doc. 4, p. 13]

Petitioner filed a writ application to the Second Circuit Court of Appeals. On September 19, 2006, the Second Circuit denied writs. *State of Louisiana v. Donald Ray Lemons*, 41762-KH (La.

App. 2 Cir. 9/19/2006). [doc. 4, p. 16]

On some unspecified date, petitioner filed an application for writs in the Louisiana Supreme Court. On August 15, 2007, his writ application was denied. *State of Louisiana ex rel. Donald Ray Lemons v. State of Louisiana*, 2006-2617 (La. 8/15/2007), 961 So.2d 1157.

Petitioner's pro se petition for habeas corpus was signed on August 28, 2007, mailed shortly thereafter, and received and filed on August 31, 2007.

*Law and Analysis*

*1. Limitations based on 28 U.S.C. §2244(d)(1)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not timely appeal his conviction and sentence.  For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], on or about October 18, 2002.[2]  See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (If a defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.) Under 28 U.S.C. § 2244(d)(1) he had one year, or until October 18, 2003, to file his federal *habeas* petition.

Petitioner filed an Application for Post-Conviction Relief or some other pleading seeking an

---

[2] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on Thursday, October 10, 2002.  The five day delay for filing an appeal commenced on Friday, October 11. Saturday October 12, Sunday, October 13, and Monday, October 14 (Columbus Day) were legal holidays. (Columbus Day was probably not a legal holiday in Louisiana, however, petitioner will be given the benefit of the doubt.) The five day period for taking an appeal ended on Friday, October 18, 2002. Therefore,  petitioner's judgment of conviction and sentence became final, at the latest, at the close of business on Friday, October 18, 2002.

out-of-time appeal on some as yet unspecified date prior to May 28, 2003.[3] Therefore, some unknown period of time elapsed between the date that petitioner's judgment of conviction and sentence became final by the expiration of the time for seeking direct review.[4] As noted, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Petitioner was able successfully to toll the limitations period during the pendency of his out-of-time appeal. However, his post-conviction or other collateral review (in this case, the out-of-time appeal process) ceased to be properly filed or pending once the Louisiana Supreme Court denied writs in his case on October 29, 2004. [ See *State of Louisiana v. Donald Ray Lemons*, 2004-1288 (La. 10/29/2004), 885 So.2d 584] Thereafter, another 363 days elapsed between the Supreme Court's October 29, 2004, writ denial and the date upon which petitioner filed his second Application for Post Conviction Relief on October 28, 2005. [see doc. 1-4, p. 4]

If less than three days elapsed between the date that petitioner's judgment of conviction became final and the date he sought an out-of-time appeal, then petitioner was again able to toll the limitations period during the pendency of his second application for post-conviction relief, October 28, 2005 (the date petitioner filed the application in the Fourth Judicial District Court, see doc. 1-4, p. 4) through August 15, 2007 (when the Supreme Court again denied writs, *State of Louisiana ex*

---

[3] Petitioner has not alleged or otherwise provided evidence to establish the date upon which he filed his pleading seeking restoration of his lapsed appeal rights.

[4] The earliest date upon which petitioner could have filed a pleading seeking the restoration of his appeal rights was October 21, 2002, the first business day after the expiration of the time limit for seeking an appeal under art. 914; the latest date upon which petitioner could have filed the pleading was May 28, 2003, the date that the district court granted his request for an out-of-time appeal. Thus, at least 1, but no more than 216 days of the AEDPA limitations period elapsed between the date that the judgment became final and the date petitioner filed the pleadings seeking an out-of-time appeal.

*rel. Donald Ray Lemons v. State of Louisiana*, 2006-2617 (La. 8/15/2007), 961 So.2d 1157). However, a period of 12 days elapsed between August 15, 2007, the date that the Supreme Court denied writs, and August 28, 2007, the date that petitioner signed (and thus filed) his federal *habeas* petition.

Thus, giving petitioner the benefit of every doubt, based on the data he has supplied, it appears that a period of more than 365 un-tolled days elapsed between the date that petitioner's judgment of conviction and sentence became final and the date upon which he filed for federal *habeas corpus* relief.

**2. <u>Salinas v. Dretke</u>, 354 F.3d 425 (5th Cir. 2004)**.

Petitioner might suggest that his conviction and sentence were final for AEDPA purposes 90 days following the Louisiana Supreme Court's denial of *certiorari* at the conclusion of his out-of-time appeal. Such a suggestion is incorrect. If a defendant stops the appeal process before the entry of judgment by the court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). As is shown hereinafter, petitioner's judgment became final when the delays for seeking a direct appeal lapsed; it could not be "de-finalized" by the reinstatement of his appeal rights. In *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), the court addressed and rejected an argument similar to the petitioner's argument:

> First, unlike § 2244(d)(1)(A), which takes into account the time for filing a *certiorari* petition in determining the finality of a conviction on direct review, § 2244(d)(2) contains no such provision. Rather, § 2244(d)(2) only tolls the period for a properly filed petition for 'State post-conviction or other collateral review.' It is a fundamental tenet of statutory construction that Congress intended to exclude language included in one section of a statute, but omitted from another section. We conclude and hold that a petition for writ of *certiorari* to the Supreme Court is not an application for 'State' review that would toll the limitations period.

6

In other words, petitioner's out-of-time appeal in the court of appeals and Louisiana Supreme Court was, for AEDPA purposes a continuation of a collateral attack that began when he filed his motion for out-of-time appeal and ceased when the Louisiana Supreme Court denied writs on October 29, 2004. When that process ended petitioner's state collateral proceeding no longer remained pending.

Of course, an argument could be advanced for the proposition that when a Louisiana court grants an out-of-time appeal, the *habeas* petitioner's AEDPA clock is "restarted" as of the date upon which the out-of-time appeal process has concluded. Stated another way, it can be argued that the petitioner's conviction does not become "final" until the conclusion of the out-of-time appeal process, and since the one-year limitations period codified at § 2244(d) commences on "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...", a federal *habeas* petitioner has a full year reckoned from the date that the out-of-time appeal process concludes within which to file his petition.

However, the Fifth Circuit has rejected such an argument. In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), *certiorari denied*, 541 U.S.1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004), the court examined the effects of an out-of-time appeal on the AEDPA's timeliness provisions.

Salinas was convicted of murder and sentenced to life imprisonment in a Texas court. Like Louisiana, Texas provides for an appeal of right to an intermediate court of appeals and thereafter, the opportunity to seek discretionary review in Texas' court of last resort, the Court of Criminal Appeals. Salinas's conviction was affirmed by the intermediate court of appeals on July 20, 2000. However, his attorney failed to apply for discretionary review in the Court of Criminal Appeals within the thirty day time period provided by law.

7

Under Texas law, discretionary review by the Court of Criminal Appeals is considered to be part of the direct review process. The process ends either when discretionary review is denied or when the time for filing the petition for review lapses. Thus, Salinas's judgment of conviction became final in August, 2000, when he failed to timely file his petition for discretionary review. Under the timeliness provisions of the AEDPA, he had one year, or until August, 2001 to file for federal *habeas* relief. Sometime during the summer of 2001, Salinas filed a state *habeas* application which, under § 2244(d)(2), tolled the limitations period during its pendency. His state *habeas* ceased to be "pending" in March 2002 when the Court of Criminal Appeals denied relief. At that point, Salinas had only eighteen days remaining of the one-year AEDPA limitations period. Unfortunately, he failed to file his federal *habeas* petition until late April and it was therefore dismissed as time-barred by the United States District Court in November 2002.

Meanwhile, and unbeknownst to the District Court, the Texas Court of Criminal Appeals had, in October, 2002, reconsidered Salinas's state *habeas* petition and granted him the right to file an out-of-time petition for discretionary review *sua sponte*.[5]

On appeal, Salinas argued that (1) when Texas' high court granted him the right to file an out-of-time petition for discretionary review, it restored him to the position he was in when he first had the right to seek discretionary review; and, (2) since he still had the right to file for discretionary review, he should be considered to be in the midst of the direct review process; and, (3) therefore, the AEDPA statute of limitations could not have lapsed because the period could begin only on the

---

[5] As noted by the Fifth Circuit, quoting the Texas' Court's order, "The effect of this was to 'return [Salinas] to the point at which he can file a petition for discretionary review .... For the purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had been rendered on the day the mandate of the Court of Criminal Appeals issues.' *Ex Parte Salinas*, No. 74,462 at 2 (Tex. Crim. App. 2002). Thus, under state law, Salinas was restored to the position of a recently convicted felon, eligible to pursue a form of direct review in the Court of Criminal Appeals." *Salinas v. Dretke*, 354 F.3d at 428.

conclusion of direct review. Or, as this argument was summarized by the Fifth Circuit, "Thus, Salinas argues, his conviction was 'de-finalized,' and the statute of limitations – though legitimately initiated in August 2000 – should be deemed to have begun again with the rejection of the PDR in January 2003." *Id.* at 429.

The Fifth Circuit rejected Salinas's argument:

On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. See § 2244(d)(1), (2). So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. See § 2244(d)(2).

Thus, the issue is not whether the Court of Criminal Appeals' action revitalized Salinas's limitations period, but rather whether the existence of that potential relief prevents the limitations period from starting to run until after that level of appeal has been denied. That is to say, we need to determine whether, in Texas, the mechanism by which Salinas obtained the right to file an 'out-of-time' PDR is part of the direct or collateral review process. If that relief comes as a result of direct review, there would be no basis for limitations even to begin running until the Court of Criminal Appeals has finalized the judgment by declining to grant relief on that level of appeal. If, on the other hand, an 'out-of-time' PDR is awarded only as a result of the collateral review process, limitations is tolled merely while the petitioner seeks to obtain that relief. *Id.* at 429-430 (emphasis supplied)

Thereafter, the Fifth Circuit analyzed Texas law and concluded that the Court of Criminal Appeals was authorized to grant Salinas his out-of-time petition only through the collateral review process of the Texas *habeas* statute.

Thus, the court concluded,

As a result, when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether.... Therefore, because Salinas's right to file the 'out-of-time' PDR is necessarily the product of state habeas review, it does not arise under the 'direct

9

review' procedures of the Texas judicial system. Accordingly, the Court of Criminal Appeals' granting of Salinas's writ does not alter the fact that limitations set forth in 28 U.S.C. § 2244(d)(1)(A), properly began to run on August 21, 2000, and fully lapsed on March 31, 2002. *Id.* at 430-431.

This reasoning is applicable to the case at bar. In Louisiana the only mechanism which can be employed to reinstate lapsed appeal rights and thus grant an out-of-time appeal is the Application for Post-Conviction Relief. See *State v. Counterman*, 475 So.2d 336 (1985). In *Counterman*, the Louisiana Supreme Court held:

> La.C.Cr.P. Art. 915 requires the court to order an appeal when a motion for appeal is made in conformity with Articles 912, 914 and 914.1. <u>However, when a defendant fails to make a motion for appeal within the time provided in Article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. This is not because the trial court has been divested of jurisdiction, as was held in *State v. Braxton*, 428 So.2d 1153 (La.App. 3rd Cir.1983), but because the conviction and sentence became final when the defendant failed to appeal timely.</u>
>
> <u>After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal.</u> *State v. Counterman*, 475 So.2d at 338. (emphasis supplied)

And, concluded the Court, "...<u>the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal</u>, after the delay provided in Article 914 has expired, is an <u>application for post conviction relief</u> pursuant to Articles 924-930.7." *Id.* at 339. (emphasis supplied.)

In this case, petitioner's out-of-time appeal was granted only after he asserted that right through Louisiana's collateral review process. He, like Mr. Salinas, was not thereby entitled to have his conviction "de-finalized."

The collateral review process, started with the filing of petitioner's pleading seeking an out-of-time appeal, proceeded through his out-of-time appeal before the Second Circuit, and concluded when the Louisiana Supreme Court denied his writ application on October 29, 2004.

Further, as shown above, the notion that the AEDPA clock was tolled during the 90 day period within which petitioner might have applied for *certiorari* in the United States Supreme Court following the Louisiana Supreme Court's first writ denial has been specifically rejected by the Fifth Circuit Court of Appeals. See *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

*3. Summary*

Petitioner's judgment of conviction became final for AEDPA purposes in the latter part of October 2002 when the delays for filing a direct appeal lapsed. Some unknown period of time elapsed before petitioner filed the pleading requesting the reinstatement of the lapsed appeal rights through an out-of-time appeal, and that unknown period of time, anywhere from 1 to 216 days, must be counted against the one-year AEDPA limitations period.

At any rate, petitioner was able to toll the limitations period from the date he filed his pleading seeking an out-of-time appeal up to the date that the Louisiana Supreme Court denied writs on October 29, 2004. The limitations period resumed on the day after the Supreme Court's writ denial and continued until October 28, 2005, when petitioner filed his application for post-conviction relief. It is highly likely that the period of limitations lapsed some time prior to October 28, 2005; however, even if it did not, petitioner allowed an additional period of 12 days to elapse un-tolled between August 15, 2007, when the Louisiana Supreme Court again denied writs, and August 28, 2007, when petitioner filed his federal *habeas corpus* petition. In short, the instant petition for writ of habeas corpus is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A).

*4. Equitable Tolling*

Finally, petitioner's pleadings and exhibits do not suggest extraordinary circumstances such as to warrant the application of equitable tolling thus exempting petitioner's claims from dismissal under §2244(d)(1). The one-year limitation period is subject to equitable tolling, but only in "rare

and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 29th, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE