RECEIVED
IN MONROE, LA
JAN 0 3 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DONALD RAY LEMONS | CIVIL ACTION NO. 07-1451 |
| VS. | |
| BURL CAIN, WARDEN | JUDGE ROBERT G. JAMES |
| | MAG. JUDGE KAREN L. HAYES |

## RULING

Before the Court is Donald Ray Lemons's ("Lemons's") petition for writ of habeas corpus (28 U.S.C. § 2254). On October 29, 2007, Magistrate Judge Karen L. Hayes issued a Report and Recommendation recommending that Lemon's petition be dismissed as untimely.

In parts 1, 2, and 3, of her Report and Recommendation, Judge Hayes sua sponte recommended dismissing Lemons's petition as time barred because more than a year passed between when Lemons's sentence became final on October 15, 2002, and the instant petition for writ of habeas corpus. In part 4, Judge Hayes recommended declining to equitably toll the statute of limitations under 28 U.S.C. § 2244(d)(1).

Having considered the entire record in this case, including the new allegations contained in Lemons's objections, the Court ADOPTS parts 1, 2, and 3 of the Report and Recommendation. The Court also adopts part 4 of the Report and Recommendation as modified by this ruling. Accordingly, Lemons's petition is DENIED and DISMISSED WITH PREJUDICE.

I.  **Facts and Procedural History**

After a jury convicted Lemons of second degree murder, a judge imposed the mandatory life sentence on October 10, 2002. Lemons did not file a timely appeal. Instead, at an unknown later date, Lemons filed a pro se petition for an out of time appeal. On May 28, 2003, Lemons was granted the right to file an out-of-time appeal, and counsel was appointed to represent him during the appeal. [Doc. No. 1-4 at 3]. The Louisiana Court of Appeals denied Lemons's appeal and upheld his conviction and sentence on April 7, 2004. State v. Lemons, 38,269 (La. App. 2 Cir. 4/7/2004); 870 So.2d 503. At an unknown later date, Lemons applied for writs of certiorari in the Louisiana Supreme Court, but the Supreme Court denied writs on October 29, 2004. State v. Lemons, 2004-1288 (La. 10/29/2004); 885 So.2d 584. Lemons did not appeal the Louisiana Supreme Court's decision to the United States Supreme Court.

On October 28, 2005, 363 days after the Louisiana Supreme Court denied writs on Lemons's out of time appeal, Lemons filed a pro se application for post conviction relief in state trial court. The trial court denied relief on February 28, 2006. Lemons then filed an application for writs in the Louisiana Court of Appeals on April 19, 2006. On May 18, 2006, the Louisiana Court of Appeals granted writs and remanded the matter to the trial court with instructions to conduct an evidentiary hearing. State v. Lemons, 41410 (La. App. 2 Cir. 5/18/2006) [Doc. No. 4 at 8]. After conducting an evidentiary hearing, the trial court denied Lemons's application for post conviction relief. [Doc. No. 4 at 13]. Lemons then filed another writ application to the Louisiana Court of Appeals. This time, the Louisiana Court of Appeals denied writs on September 19, 2006. State v. Lemons, 41762-KH (La. App. 2 Cir. 9/19/2006) [Doc. No. 4 at 16]. On an unspecified later date, Lemons filed an application for writs in the Louisiana

2

Supreme Court. On August 15, 2007, his writ application was denied. State ex rel. Lemons v. Lemons, 2006-2617 (La. 8/15/2007); 961 So.2d 1157.

Lemons's instant petition for writ of habeas corpus was signed on August 28, 2007, mailed shortly thereafter, and received and filed on August 31, 2007.

## II. Law and Analysis

In his objection to Judge Hayes's Report and Recommendation, Lemons does not dispute her conclusion in parts 1, 2, and 3 of her Report and Recommendation that his habeas petition is untimely. Instead, Lemons objects to part 4 of the Report and Recommendation and argues that the statute of limitations should be equitably tolled.[1] Specifically, Lemons now claims that if his trial counsel had timely filed a notice of appeal, his instant habeas petition would be timely. Because these new facts and arguments are still insufficient to justify equitably tolling, the Court adopts the conclusion in part 4 of Judge Hayes's Report and Recommendation and finds that the statute of limitations should not be equitably tolled under § 2244(d)(1).

AEDPA's statute of limitations may be equitably tolled, but only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811-12 (5th Cir. 1998). "Equitable tolling is warranted . . . only in situations where the plaintiff is actively misled . . . or is prevented in some extraordinary way from asserting his rights." Cousin v. Lensing, 310 F.3d 843, 847-48 (5th Cir. 2002), cert denied, 539 U.S. 918 (2003). An attorney's intentional deceit may warrant equitable tolling if the petitioner shows that he reasonably relied on his attorney's deceptive

---

[1] Lemons's objections could also be construed as raising a claim of ineffective assistance of counsel on appeal. However, even if Lemons's counsel was ineffective for failing to file a direct appeal, Lemons was not prejudiced because he ultimately obtained an out of time appeal. Lemons does not contend that his counsel for the out of time appeal was ineffective.

3

misrepresentations. United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (citing United States v. Wynn, 292 F.3d 226, 230-31 (5th Cir. 2002)).

Conversely, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." Cousin, 310 F.3d at 849. Unprofessional conduct and bad legal advice also do not necessarily warrant equitable tolling. Riggs, 314 F.3d 796. An attorney's claim that he will prospectively act is generally insufficient to toll the statute of limitations. See Schlueter v. Varner, 384 F.3d 69 (3d Cir. 2004); Bailey v. Dretke, 2006 WL 355233 (S.D. Tex. Feb. 13, 2006); Garza v. Dretke, 2004 WL 2385002 (W.D. Tex Oct. 25, 2004); and Romine v. Dretke, 2004 WL 893799 (N.D. Tex. Apr. 26, 2004)).

In this case, Lemons alleges that his trial counsel "never made the motion for appeal as it was agreed that he would do." [Doc. No. 6]. Lemons claims that while incarcerated he became concerned "about the lapse of time [between] his October 10, 2002[] sentence and the appeal process . . . ," so he filed a "Motion for Status Check" and wrote a letter to the Louisiana Second Circuit Court of Appeals inquiring about his direct appeal. [Doc. No. 6]. The letter and motion were sent to James Looney of the Louisiana Appellate Project, who told Lemons that no Motion for Appeal had been filed.

After receiving this news, Lemons filed a pro se pleading, seeking an out of time appeal. Lemons was granted permission to file an out of time appeal on May 28, 2002, and counsel was appointed to represent him on that appeal. The Second Circuit Court of Appeals ultimately affirmed his conviction and sentence on April 7, 2004. The Louisiana Supreme Court denied writs on Lemons's appeal on October 29, 2004.

Lemons argues that his instant petition is untimely because his attorney failed to initiate a

4

direct appeal in state court. The statute of limitations began running on October 15, 2002, five days after Lemons was sentenced,[2] and ran until an unknown date when Lemons tolled the limitations period by seeking an out of time appeal. Soileau v. Cain, 2005 WL 1629945, *3 (July 7, 2005 W.D. La.) (tolling the statute of limitations during the pendency of an out of time appeal). The limitations period began running again after the Louisiana Supreme Court denied writs on the out of time appeal. However, if Lemons's trial counsel had filed a timely motion of appeal, the limitations would not have begun running until ninety days after Lemons had obtained a final decision from the Louisiana Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (holding that direct review includes the time period for filing a writ application to the United States Supreme Court). Thus, Lemons argues that his attorney's error cost him ninety days, plus the unspecified amount of days that elapsed between October 15, 2002 and when Lemons filed his petition for an out of time appeal.

Lemons, however, has presented no evidence that he was intentionally misled by his attorney. Lemons only contends that his attorney said he would file a notice of appeal, but then failed to file the notice. Assuming Lemons's allegations are true, his attorney's conduct may have been negligent, but attorney negligence is insufficient to toll the statute of limitations. See Riggs, 314 F.3d at 799 (declining to toll the statute of limitations even though attorney's bad legal advice resulted in petitioner filing an untimely writ of habeas corpus).

Furthermore, the statute of limitations should not be equitably tolled because Lemons

---

[2] See La. Code Crim. Proc. Art. 914(b)(1) which, at the time of Lemons's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendetion of the judgment or ruling from which the appeal is taken." Article 914 was amended by Act No. 949, § 1 of the Louisiana Legislature to extend the time period to thirty days.

5

failed to diligently pursue is habeas claim. See Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002)(citing Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Lemons, after discovering his attorney's error, had ample time to file a habeas petition pro se. Specifically, after the Louisiana Supreme Court denied writs on Lemons's out of time appeal, Lemons delayed 363 days before initiating a collateral attack in state court. Furthermore, after completing the collateral appeals process in state court, Lemons delayed almost two weeks before filing the instant habeas petition. Thus, after realizing his attorney's error, Lemons still allowed over 370 days to pass before filing the instant habeas petition.

## III. Conclusion

After an independent review of the record and the objections filed herein, the Court ADOPTS parts 1, 2, and 3 of Judge Hayes's Report and Recommendation. The Court also ADOPTS part 4 of Judge Hayes's opinion, as modified by this Ruling.

Accordingly, Lemons's petition is DENIED and DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this __2__ day of __January__, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

6