UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DONALD RAY LEMONS** | **CIVIL ACTION NO. 07-1451** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE ROBERT G. JAMES** |
| | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Donald Ray Lemons, a Louisiana prisoner, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 28, 2007. Petitioner attacks his 2002 conviction for second degree murder in the Fourth Judicial District Court, Ouachita Parish.

On January 3, 2008 the petition was dismissed as time-barred by the provisions of 28 U.S.C. §2244(d) as interpreted by *Salinas v. Dretke,*, 354 F.3d 425 (5th Cir. 2004), which was then-controlling circuit precedent. [See Docs. #5, 7, and 8] The United States Fifth Circuit Court of Appeals, relying on *Jimenez v. Quarterman*, ___ U.S. ___, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009) reversed that judgment and remanded the matter to this court for further consideration.[1] *See Lemons v. Cain*, 2010 WL 1558975.

On June 29, 2010, this matter was again referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636. On the same date, petitioner

---

[1] *Salinas* held that a conviction becomes final for AEDPA limitations purposes when the delays for seeking an appeal lapse, and the conviction is not thereafter "de-finalized" if the State grants an out-of-time appeal by way of an application for post-conviction relief. *Jimenez* overruled *Salinas* and held, when a state court grants an out-of-time appeal during state collateral review, but before defendant has first sought federal *habeas* relief, the conviction is not yet "final" so as to trigger AEDPA's one-year limitations period for federal *habeas* review; instead, the date of finality, and commencement of limitations period, is the conclusion of the out-of-time direct appeal, or the expiration of time for seeking review of that appeal.

was ordered to amend his petition to provide various documents to enable the Court to conclude an initial review. [Doc. #18] On August 9, 2010, petitioner responded by providing the exhibits to support his version of the chronology of events. [Docs. #20 and #20-1] His original petition and memorandum, along with the Supplemental Petition and Exhibits establish that his federal *habeas corpus* petition is time-barred by the provisions of 28 U.S.C. §2244(d) and **DISMISSAL WITH PREJUDICE** on that basis is recommended.

### *Statement of the Case*

On January 17, 2001, petitioner was indicted in Ouachita Parish on a charge of second degree murder. On August 15, 2001, he was found guilty as charged following trial by jury. On October 10, 2002, the mandatory life sentence was imposed. Petitioner did not move for an appeal within the limitations period mandated by La. C.Cr.P. art. 914(B)(1). Instead, on some unspecified date prior to May 28, 2003, petitioner filed a *pro se* pleading seeking an out-of-time appeal. On May 28, 2003, petitioner was granted an out-of-time appeal and appellate counsel was appointed. [Doc. #1-4, p. 3]

On April 7, 2004, the Second Circuit Court of Appeals affirmed petitioner's conviction and sentence and provided notice of judgment. *State of Louisiana v. Donald Ray Lemons*, 38,269 (La. App. 2 Cir. 4/7/2004), 870 So.2d 503. [See also Doc. #20-1, Exhibit 1, p.1 (Notice of Judgment)]

On April 30, 2004, petitioner applied for writs of *certiorari* and review in the Louisiana Supreme Court. [Doc. #20-1, Exhibit 2(Writ Application) and Exhibit 3(Inmate's Request for Legal/Indigent Mail), pp. 2-21] On October 29, 2004, the Supreme Court denied writs without comment. *State of Louisiana v. Donald Ray Lemons*, 2004-1288 (La. 10/29/2004), 885 So.2d 584.

Petitioner did not seek further review in the United States Supreme Court.[2]

In his Memorandum in Support of Petition for Writ of *Habeas Corpus*, petitioner alleged that he filed his *pro se* application for post-conviction relief in the Fourth Judicial District Court on October 28, 2005. [doc. 1-4, p. 4][3] However, the documentary evidence submitted by petitioner on August 9, 2010, establishes that, to the contrary, he filed his application for post-conviction relief on January 25, 2006. [See Doc. #20-1, Exhibit 4 (undated Application for Post-Conviction Relief) and 5 (undated Memorandum in Support of Application for Post-Conviction Relief), pp. 22-34; Exhibit 6, p. 35 (Inmate Request for Indigent Mail dated January 25, 2006); see also Doc. # 20, Supplemental and Amended Petition for *Habeas Corpus* at p. 2, ¶3(c)] Therefore, for the purposes of this Report, it must be presumed that he filed his application on January 25, 2006.[4]

On February 28, 2006, the trial court denied relief without a hearing. [Doc. # 4, pp. 5-6]

Petitioner filed an application for writs in the Second Circuit Court of Appeals on April 18, 2006. [Doc. #20-1, Exhibit 9, p. 48] On May 18, 2006, the Second Circuit granted writs and remanded the matter to the Fourth Judicial District Court with instructions to conduct an evidentiary hearing. *State of Louisiana v. Donald Ray Lemons*, 41410-KH (La. App. 2 Cir. 5/18/2006). [Doc. # 4, p. 18]

On June 29, 2006, the evidentiary hearing was convened. [See Doc. #20, p. 2, fn 1] At the

---

[2] While this fact is nowhere alleged, a review of the presumptively reliable jurisprudence of the United States Supreme Court reveals no writ denials involving petitioner.

[3] Petitioner alleged, "In his timely application for post conviction relief filed October 28, 2005, petitioner argued that he received ineffective assistance of counsel ..."

[4] It appears unlikely that petitioner filed an application prior to January 25, 2006; in the application for post-conviction relief filed in January 2006 he denied having filed any previous application for post-conviction relief. [Doc. #20-1, p. 30 at ¶12]

3

conclusion of the hearing, the trial court denied relief and provided oral reasons for judgment. On July 18, 2006, the court rendered a formal written judgment denying relief. [Doc. # 4, p. 13; Doc. #20-1, Exhibit 7, p. 36]

Petitioner submitted a pleading requesting an appeal; it was construed to be a Notice of Intent to seek writs, and on July 19, 2006, the district court set a return date of August 18, 2006. [Doc. #4, p. 14] Petitioner filed a second writ application to the Second Circuit Court of Appeals under Docket Number 41762-KH. [Doc. #20-1, Exhibit 8, pp. 38-47] On September 19, 2006, the Second Circuit denied writs. *State of Louisiana v. Donald Ray Lemons*, 41762-KH (La. App. 2 Cir. 9/19/2006). [Doc. # 4, p. 16; Doc. #20-1, Exhibit 10, p. 49]

On October 16, 2006, petitioner filed an application for writs in the Louisiana Supreme Court.[Doc. #20-1, Exhibits 11 (writ application) and 12 (Inmate Request for Legal/Indigent Mail), pp. 50-65] On August 15, 2007, his writ application was denied. *State of Louisiana ex rel. Donald Ray Lemons v. State of Louisiana*, 2006-2617 (La. 8/15/2007), 961 So.2d 1157.

Petitioner's *pro se* petition for *habeas corpus* was signed on August 28, 2007 [Doc. #1, p. 5; Doc. #1-3, p. 14], mailed shortly thereafter, and received and filed on August 31, 2007.

### *Law and Analysis*

#### *1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

As was noted in the original Report and Recommendation, this petition is governed by the provisions of the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA. [See Pub.L. 104-132, Title I, §§101, 106, 110 Stat. 1217, 1220] Based on the new information supplied by petitioner, it appears that the petition is time-barred by that portion of the AEDPA codified at 28 U.S.C. §2244(d)(1) which provides a one-year limitations period for the filing of applications for

4

*habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. Under Subsection (A), the limitation period is reckoned from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[5]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's application for writs seeking further direct review was denied by the Louisiana Supreme Court on October 29, 2004. *See State of Louisiana v. Donald Ray Lemons*, 2004-1288 (La.

---

[5] Subsections B, C, and D are not relevant to this case. Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; petitioner has identified no state created impediments which delayed the filing of his federal petition; finally, nothing suggests that petitioner is entitled to reckon limitations from the event described in Subsection (D). Further even if petitioner is allowed to reckon the limitations period from the date he discovered the factual predicate of his claim, the petition would still be time-barred. Petitioner argues that the State did not provide timely discovery; he also argues that his attorney was ineffective for failing to demand prompt discovery. As can be seen from the pleadings and exhibits, petitioner was aware of this situation at the time of his trial; since petitioner was clearly aware of the "discovery" issues at the time of his trial, he cannot rely on the statutory tolling provision of 28 U.S.C. §2244(d)(1)(D).

5

10/29/2004), 885 So.2d 584. He did not seek further direct review in the United States Supreme Court. Therefore, petitioner's judgment of conviction and sentence became final under the AEDPA on or about January 27, 2005[6], ninety days after October 29, 2004, the date the Louisiana Supreme Court denied writs on direct review. See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003)(A state judgment becomes final "by the conclusion of direct review <u>or the expiration of the time for seeking such review</u>." If the litigant does not seek a writ of *certiorari* from the United States Supreme Court, "<u>finality [is] established by the expiration of the ninety-day period to seek further review with the Supreme Court</u>..." as provided in Supreme Court Rule 13.) (emphasis supplied) Therefore, petitioner had one-year from that date, or until on or about January 27, 2006, to file his federal application for writ of *habeas corpus*.

Petitioner was able to toll limitations when he filed his application for post-conviction relief in the Fourth Judicial District Court on January 25, 2006 [see Doc. #20-1, Exhibit 6, p. 35]; however, by that time a total of 363 days of the 365 day AEDPA limitations period had already lapsed,[7] and, as previously noted, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998). Petitioner successfully tolled limitations until August 15, 2007, when Louisiana's Supreme Court denied writs, thus terminating state post-conviction litigation. *See State of Louisiana ex rel. Donald*

---

[6] According to the Fifth Circuit Court of Appeals, "... Lemons's one-year limitation period began to run on or about January 27, 2005, upon expiration of the 90-day period for seeking a writ of certiorari from the United States Supreme Court following the Louisiana Supreme Court's denial, on direct review, of his writ application..." *Lemons v. Cain*, 2010 WL 1558975 at *1.

[7] The Fifth Circuit, relying on petitioner's claim that he filed his application for post-conviction relief on October 28, 2005, calculated that approximately 273 days of the 1-year limitations period expired between the date the judgment of conviction became final and the date petitioner filed his application for post-conviction relief. Id.

*Ray Lemons v. State of Louisiana*, 2006-2617 (La. 8/15/2007), 961 So.2d 1157. However, thereafter, a period of 12 days elapsed before petitioner filed his federal *habeas corpus* petition on August 28, 2007. In short, 363 days elapsed between the date that petitioner's judgment of conviction became final and the date petitioner filed his application for post-conviction relief, and another 12 days elapsed between the date that his post-conviction application ceased to be pending and the date he filed his federal *habeas corpus* petition; thus, a total of 375 un-tolled days have elapsed between the date of finality of judgment and the date the instant petition was filed, and therefore this petition for *habeas corpus* is time-barred under the provisions of 28 U.S.C. §2244(d).

## 2. Equitable Tolling

Petitioner may suggest that he is entitled to equitable tolling, and, of course, the limitations period codified at 28 U.S.C. §2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, ___ U.S.___, 2010 WL 2346549 (June 14, 2010). Nevertheless a *habeas* petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

It does not appear that petitioner can rely on the doctrine of equitable tolling because his pleadings and associated exhibits fail to present or even suggest any "rare and exceptional circumstances" warranting its application. *See Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), reh'g granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171- 72 (5th Cir.2000); *Fisher v.*

7

*Johnson*, 174 F.3d 710, 713 (5th Cir.1999).[8]

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Nothing before the Court suggests that petitioner was misled in any way or otherwise prevented from asserting his rights.

Finally, equitable tolling should only be applied if the applicant diligently pursues §2254 relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000). In this case, petitioner was hardly diligent.

*Conclusion and Recommendation*

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that the petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

---

[8] Of course, petitioner may object to this Report and Recommendation as outlined below. Should he do so, he is encouraged to allege facts and submit proof in support of those allegations to establish that his petition is either not time-barred or, time-barred but subject to equitable tolling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a COA, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a COA should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers at Monroe, Louisiana, this 17th day of August, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE