RECEIVED
IN MONROE, LA
OCT 0 1 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOU.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DONALD RAY LEMONS | CIVIL ACTION NO. 07-1451 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BURL CAIN, WARDEN | MAG. JUDGE KAREN L. HAYES |

## RULING

Before the Court is Donald Ray Lemons's ("Lemons") Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. This Court previously adopted the Report and Recommendation of Magistrate Judge Karen L. Hayes, finding that Lemons's Petition was untimely filed under then-controlling precedent, and dismissed this case with prejudice. [Doc. Nos. 5, 7 & 8]. On appeal, the Fifth Circuit Court of Appeals reversed this Court, ruling that, under the Supreme Court's decision in *Jimenez v. Quarterman*, 129 S.Ct. 681 (2008), Lemons's § 2254 Petition was timely filed. [Doc. No. 17]. The case was remanded for further proceedings.

However, the Fifth Circuit Court of Appeals based its conclusion on Lemons's assertion in his Petition that he filed a state application for post-conviction relief on October 28, 2005. On remand, Magistrate Judge Hayes ordered Lemons to provide documents to allow the Court to conduct an initial review. When those documents were provided, it became clear, as Lemons apparently concedes, *see* [Doc. No. 22, p. 5; Exh. 12], that he did not file a state application for post-conviction relief until January 25, 2006. Based on the exhibits, the Magistrate Judge issued a second Report and Recommendation [Doc. No. 21], concluding that Lemons's Petition was

untimely filed, even after application of *Jimenez*.

Having considered the entire record in this case, including Lemons's objections, the Court ADOPTS the Report and Recommendation of Magistrate Judge Hayes and finds that Lemons's Petition was untimely filed. The Court issues this Ruling to address one issue raised in Lemons's objections.

Lemons admits that he did not file an application for post-conviction relief in state court until January 25, 2006, and does not contest Magistrate Judge Hayes's conclusion that, by that time, a total of 363 days of the 365-day limitations period under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, had lapsed. Rather, he asserts that, under Louisiana Code of Criminal Procedure Article 922, the Louisiana Supreme Court's denial of writs on August 15, 2007, was not a final judgment until a fourteen-day period for application for rehearing had passed. Thus, he contends that he timely filed this Petition on August 28, 2007.

Lemons's reliance on Article 922 is misplaced. Article 922 provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. LA. CODE CRIM. PROC. ART. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief. Although no published decision of the Fifth Circuit has directly addressed the issue of when the Louisiana Supreme Court's denial of an application for state post-conviction relief is considered "final" for the purpose of calculating a tolling period in a federal *habeas corpus* proceeding, the Fifth Circuit has generally considered a writ denial final as of the date of the denial. *See, e.g., Melancon v. Kaylo*, 259 F.3d 401, 404 (5th Cir.2001) (tolling period ended on February 5, 1999, the date of the writ denial); *Hall v. Cain*, 216 F.3d

518, 520 (5th Cir.2000) (post-conviction application ceased to be pending on November 22, 1996, the date of the writ denial); *see also Gaudet v. Cain,* 31 Fed.Appx. 835, 2002 WL 243278, at *1 (5th Cir. Jan. 18, 2002) ("Gaudet's first state postconviction application, filed on April 24, 1997, tolled the federal habeas limitations period for one day. . . . That application ceased to be pending on August 28, 1998, when Gaudet failed to file timely an application for supervisory writs with the Louisiana Supreme Court from the August 28, 1998, writ denial. . . . Gaudet's application for rehearing did not toll the AEDPA limitations period.").

Likewise, in this case, the Fifth Circuit specifically found that Lemons's state application for post-conviction relief tolled the AEDPA limitations period "until August 15, 2007, when the Louisiana Supreme Court denied Lemons's writ application." *Lemons v. Cain,* 373 Fed. App'x 487, 488, 2010 WL 1558975, at *1 (5th Cir. Apr. 19, 2010). Thus, as Magistrate Judge Hayes concluded, Lemons's Petition was untimely filed in this Court.

MONROE, LOUISIANA, this ___1___ day of ___October___, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3